**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RYAN, et al., | No. C 14-05682 JSW |
| Plaintiffs, | **ORDER DENYING MOTION TO STAY AND GRANTING MOTION TO TRANSFER VENUE** |
| v. | |
| GENCOR NUTRIENTS, INC., et al., | |
| Defendants. | |

Now before the Court is the motion to stay this action, pending a ruling from the Judicial Panel on Multi-District Litigation ("JPML"), filed by Plaintiffs. Also before the Court is the motion to transfer this action to the United States District Court for the Central District of California ("Central District"), filed by Defendants Gencor Nutrients, Inc., GE Nutrients, and Jith Veeravalli (the "Gencor Defendants"), which is joined by Defendant Truderma, Inc.

The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the motions suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court VACATES the hearing scheduled for March 6, 2015, and it HEREBY DENIES Plaintiffs' motion to stay and GRANTS the Gencor Defendants' motion to transfer.

**BACKGROUND**

On December 31, 2014, Plaintiffs filed the Complaint in this action against the Gencor Defendants, Truderma, and fourteen other entities. Plaintiffs allege that the Defendants "manufacture, market, and sell Testofen or nutritional supplements containing Testofen[.] . . . Defendants advertise and market these products as 'testosterone boosters,' representing that

Testofen has been 'clinically proven' to increase free testosterone levels." (Compl. ¶ 1.) Plaintiffs allege that the representations are false and assert claims for, *inter alia*, civil violations of the Racketeering Influenced Corrupt Organizations Act, breach of express and implied warranties, as well as violations of unfair trade practices in violation of California, Pennsylvania, and Arizona law.

On January 7, 2015, Plaintiffs filed a Notice of Pendency of Other Action, in which they assert that this action is related to an action that currently is pending in the United States District Court for the District of Massachusetts, *Camey, et al. v. Force Factor, LLC*, 1:14-cv-14717-RWZ ("*Camey*"). (*See* Docket No. 7.) Plaintiffs' counsel did not file the *Camey* action, and Plaintiffs attest that they had no contact with the *Camey* plaintiffs or their counsel before that action was filed. (Docket No. 52-1, Declaration of Barry Himmelstein, ¶ 2.) Plaintiffs have filed a motion before the JPML, in which they ask the JPML to transfer *Camey* to this District for coordinated or consolidated proceedings (the "Section 1407 motion"). The JPML is scheduled to hear Plaintiffs' motion on March 26, 2015.

The Gencor Defendants contend that before Plaintiffs filed this case, Plaintiffs' counsel filed a nearly identical putative class action in the Central District, which was assigned to the Honorable Manuel L. Real ("Judge Real"). *O'Toole, et al., v. Gencor Nutrients, Inc., et al.*, No. 14-cv-3754 ("*O'Toole*"). (Docket No. 34-1, Declaration of Angel A. Garganta ("Garganta Decl."), ¶ 2, 7, Ex. C (*O'Toole* Complaint).) Judge Real dismissed *O'Toole* with prejudice, and that case currently is on appeal before the United States Court of Appeals for the Ninth Circuit. (Garganta Decl., ¶¶ 2-5, Exs. A-B, D.)

**ANALYSIS**

**A.     The Court Denies Plaintiffs' Motion to Stay.**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The exertion of this power calls for the exercise of sound discretion." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). The competing interests that a district court must weigh in exercising that

discretion are: (1) "possible damage which may result from granting a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* (citing *Landis*, 299 U.S. at 254-55).

In the context of a motion to stay pending a motion to consolidate cases before the JPML, district courts should consider the following factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated. *See, e.g., Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

Defendants argue that Plaintiffs are forum shopping and that they would suffer prejudice if the Court rewards that behavior. Apart from being unable to litigate this matter in their chosen forum, Defendants have not articulated any specific prejudice they would suffer if the case was stayed. Thus, that factor weighs in favor of a stay. Similarly, apart from the possibility of an unfavorable ruling on the motion to transfer, Plaintiffs have not articulated any "hardship or iniquity" they would suffer if the Court denies their motion. Thus, that factor weighs against granting a stay.

Resolution of this motion turns on whether a stay would promote judicial efficiency. Defendants argue it would not, because a ruling on the Section 1404 motion would aid the JPML in its decision on the Section 1407 motion. *See, e.g., In re Gerber Probiotic Prods. Mktg. and Sales Practices Litig.*, 899 F. Supp. 2d 1378, 1380 (J.P.M.L. 2012) ("Section 1404 rulings can aid the Panel in its decision whether and where to centralize a given litigation."); *Bennett v. Bed, Bath, and Beyond, Inc.*, 2011 WL 3022126, *2 (N.D. Cal. July 22, 2011) (same). Plaintiffs argue that judicial efficiency would be served by a stay, and rely on *Gray v. Gerber Products Co.*, 2012 WL 4051186 (N.D. Cal. Sept. 12, 2012) and *Alvarez v. Gerber Products Co.,* 2012 WL 4051130 (N.D. Cal. Sept. 12, 2012). In each of those cases, Judge Koh

3

granted motions to stay and rejected many of the same arguments Defendants raise here.[1] Judge Koh based her decision in part on the fact that the JPML was scheduled to hear a Section 1407 motion approximately one week later. Judge Koh also reasoned that "judicial economy will best be served if this Court does not expend the resources required to resolve" a motion to transfer the case to New Jersey "one week before the MDL panel considers whether to the entire group of [ten] related cases to Washington." *Alvarez*, 2012 WL 4051130, at *2; *accord Gray*, 2012 WL 4051186, at *2.

The Court finds that facts in this case are distinguishable from the facts in *Alvarez* and *Gray*. At this juncture, Plaintiffs' motion to stay and Defendants' motion to transfer are ripe for resolution, and the hearing before the JPML panel is not scheduled until the end of March. Further, unlike in the *Alvarez* and *Gray* cases, there are only two cases subject to the Section 1407 motion.[2] Thus, a ruling from this Court on Defendants' Section 1404 motion could "aid the Panel in its decision whether and where to centralize" this litigation. The Court also takes into consideration that one of the reasons the JPML has stated that resolving the issue of venue pursuant to Section 1404, rather than Section 1407, is preferable, is that a transfer pursuant to Section 1404 is for *all* purposes, not merely pre-trial proceedings. *In re Gerber*, 899 F. Supp. 2d at 1380.

Accordingly, the Court DENIES Plaintiffs' motion to stay.

**B.    The Court Grants Defendants' Motion to Transfer.**

Defendants move to transfer this action to the Central District, pursuant to Section 1404(a), which provides that a district court may transfer a civil action to any district where the case could have been filed originally for the convenience of the parties and witnesses and in the interest of justice. As the moving parties, Defendants bear the burden of showing the inconvenience of litigating in this forum favors transfer. *See Florens Container v. Cho Yang*

---

[1] These two cases were among the cases that were the subject of the motion to transfer in *In re Gerber*. Ultimately, the JPML denied the motion to consolidate, because it concluded that there was a reasonable prospect that Section 1404 motions could resolve the multidistrict character of the actions. 899 F. Supp. 2d at 1380.

[2] According to Plaintiffs, neither party in *Camey* has filed a motion to transfer pursuant to Section 1404.

4

*Shipping*, 245 F. Supp. 2d 1086, 1088 (N.D. Cal. 2002) (citing *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979)).

A district court has broad discretion "to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964) (internal citations omitted)). In order for a district court to transfer an action under Section 1404, the court must make the following two findings: (1) the transferee court is one where the action "might have been brought," and (2) the convenience of the parties and witnesses and the interest of justice favor transfer. *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985).

### 1. This Action Could Have Been Brought in the Central District.

Plaintiffs argue that this case could not have been filed in the Central District, because they did not file the affidavit required by the Consumers Legal Remedies Act to establish venue. The failure to file such an affidavit may impact Plaintiffs' ability to state a claim. *See, e.g., In re Apple & AT&T iPad Unlimited Data Plan Litig.*, 802 F. Supp. 2d 1070, 1077 (N.D. Cal. 2011); *In re Easysaver Rewards Litig.*, 737 F. Supp. 2d 1159, 1178 (C.D. Cal. 2010). However, that is a defect that could be rectified by amendment. *See, e.g., Castagnola v. Hewlett-Packard Co.*, 2012 WL 2159385, *10-11 (N.D. Cal. June 13, 2012) (dismissing CLRA claim with leave to amend). Plaintiffs provide no other reasons that venue would be improper in the Central District.

Accordingly, the Court concludes that this action could have been brought in the Central District.

### 2. The Interests of Justice Favor Transfer.

To determine whether the interests of justice favor transfer, the Court considers the following factors: a plaintiffs' choice of forum; convenience of the parties and witnesses; ease of access to sources of proof; local interest in the controversy; familiarity of each forum with the applicable law; and relative congestion in each forum. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501,

508 (1947)). In this case, issues of forum shopping and judicial efficiency also factor into the Court's analysis.

### a. Plaintiffs' choice of forum.

Defendants argue that Plaintiffs' choice of forum is not entitled to deference, because this is a class action. A court should give a plaintiff's choice of forum great deference unless the defendant can show that other factors of convenience clearly outweigh the plaintiff's choice of forum. *Decker Coal Co.*, 805 F.2d at 843. There are, however, factors that diminish the deference given to a plaintiff's choice of forum. For example, a plaintiff's choice of forum is less significant where they propose to represent a nationwide class. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). However, this is not a situation where Plaintiffs have filed a suit in a forum that has no connection with the allegations. Although not all of the Plaintiffs reside in this district, at least some of them do.

On balance, and notwithstanding the fact that this is a putative class action, Plaintiffs' choice of forum is entitled to some deference, and this factor weighs against transfer.

### b. Convenience of the parties and witnesses.

The relative convenience to all the parties and their witnesses is a factor to consider when evaluating whether to transfer a case. *See Decker Coal Co.*, 805 F.2d at 843 (citing *Gulf Oil Corp.*, 330 U.S. at 508). The convenience of witnesses often is the most important factor in determining whether transfer is appropriate. *Amini Innovation Corp. v. JS Imports*, Inc. 497 F. Supp. 2d 1093, 1111 (C.D. Cal 2007). When considering the convenience of witnesses, the Court examines who the witnesses are, where they are located, and the relevance of their testimony. *A.J. Indus., Inc. v. U.S. Dist. Court*, 503 F.2d 384, 389 (9th Cir. 1974); *see also Florens Container*, 245 F. Supp. 2d at 1093 (citation omitted).

Some of the Plaintiffs and some of the Defendants reside in the Central District. (Compl. ¶¶ 11, 14, 17, 20-22.) However, a majority of the Plaintiffs and a majority of the Defendants do not. Defendants do not explain why the Central District would be a more convenient forum for those Defendants who are not California residents. Moreover, the

1 Defendants have not identified any particular witnesses, whether affiliated with a party or not, who are located within the Central District.

The Court finds this factor weighs against transfer.

### c.  Ease of access to sources of proof.

Access to evidence is another factor that may favor transfer. *Decker Coal Co.*, 805 F.2d at 843 (citing *Gulf Oil Co.*, 330 U.S. at 508). However, the ease of access to documents "does not weigh heavily in the transfer analysis, given that advances in technology have made it easy for documents to be transferred to different locations." *Metz v. U.S. Life Ins. Co. in the City of New York*, 674 F. Supp. 2d 1141, 1149 (C.D. Cal. 2009). Defendants fail to discuss what documentary evidence, if any, is located within the Central District. Even if Defendants had identified specific documents, advances in technology have made it easy for documents to be transferred to different locations. *See id.*

On balance, the Court finds this factor weighs slightly against transfer or is neutral.

### d.  Local interest in the controversy, familiarity of each forum with the applicable law, and relative congestion in each forum.

Other factors the Court must consider are the local interest in having localized controversies decided at home, the familiarity of each forum with the applicable law, and the relative congestion in each forum. *Decker Coal Co.*, 805 F.2d at 843 (citing *Gulf Oil Co.*, 330 U.S. at 508). Defendants do not address these factors. However, it is evident from the face of the Complaint that both this Court and the Central District would be familiar with the law and, thus, that factor is neutral.[3] The localized interest in resolving the controversy in a particular district also is neutral. Finally, although the Central District may have a higher number of cases on file than the Northern District, the median time to disposition in the Central District is lower. *See* http://www.uscourts.gov/Statistics/StatisticalTablesForTheFederalJudiciary/june-2014.aspx (Table C-5). Thus, that factor weighs in favor of transfer.

//

---

[3]  The Court addresses the Central District's familiarity with the facts and legal issues specific to this case in the following section.

7

### e. Forum shopping and judicial efficiency.

Defendants also argue that the Court should transfer this case, because Plaintiffs made a strategic decision to file in the Northern District in an effort to avoid another unfavorable ruling from Judge Real. *See, e.g, Cadenasso v. Metro Life Ins. Co.*, 2014 WL 1510853, at *6 (N.D. Cal. Apr. 15, 2014) (granting motion to transfer based, in part, on inference of forum shopping); *Wireless Consumers Alliance, Inc. v. T-Mobile USA, Inc.*, 2003 WL 22387598, at *5-6 (N.D. Cal. Oct. 14, 2003). It could also be said that Defendants are seeking a more favorable forum by transferring this case to the Central District and, thus, are engaged in forum shopping as well. *Cf. Tittl v. Hilton Worldwide, Inc.*, 2013 WL 1087730, at *9 (E.D. Cal. Mar. 14, 2013). However, although Plaintiffs notified this Court of the *Camey* action, they made no reference to the *O'Toole* litigation.

Defendants strongest argument is that judicial efficiency would be served by transfer, because the Central District, and Judge Real in particular, already is familiar with the factual allegations and the legal issues involved in this case, because of the *O'Toole* litigation. The Court finds this fact weighs strongly in favor of transfer. Although the Plaintiffs in this case were not plaintiffs in *O'Toole*, the putative class and many of the putative subclasses are the same classes and subclasses alleged in Plaintiffs' complaint in this case. (*Compare O'Toole* Compl. ¶¶ 194-199 *with* Compl. ¶¶ 242-255.) In addition, with the exception of some individual defendants, the corporate defendants in *O'Toole* and the defendants in this case are identical. (*Compare O'Toole* Compl. ¶¶ 11-36 *with* Compl. ¶¶ 20-40.) Moreover, the first ten claims for relief in each case also are identical. (*Compare O'Toole* Compl. ¶¶ 209-312 *with* Compl. ¶¶ 267-370.)

Plaintiffs' only argument in response to the issue of judicial efficiency is that their counsel was bound by a confidentiality agreement that precluded him from making public reference to a protocol, raw study data, and an unpublished manuscript of a Testofen study in the *O'Toole* litigation. Plaintiffs argue that they have been able to include information from those documents to support the allegations in this case. (Docket No. 68-1, Declaration of Barry

8

Himmelstein, ¶¶ 2-4, 6.) However, given Judge Real's familiarity with the factual allegations in *O'Toole* and the legal issues involved, the Court finds that fact actually favors transfer.

Ultimately, the Court must make an "individualized, case-by-case consideration of convenience and fairness," when considering a motion to transfer. *Stewart Org., Inc.*, 487 U.S. at 29 (1988). Having considered all of the relevant factors, the Court concludes that the interests of justice weigh in favor of transferring this action to the Central District.[4]

## CONCLUSION

For the reasons set forth herein, the Court DENIES Plaintiffs' motion to stay, and it GRANTS Defendants' motion to transfer. The Clerk shall transfer this action to the United States District Court for the Central District of California. Once the Clerk receives notice from that court that it has received this action, the Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: February 19, 2015

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[4] Defendants have not expressly invoked the first-to-file rule, which is designed to promote judicial efficiency by avoiding any unnecessary burden on the federal judiciary and by avoiding duplicative or conflicting judgments. *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625 (9th Cir. 1991). That rule embodies principles of comity and permits a court to embodies the principles of federal comity to transfer, stay, or dismiss an action when a similar complaint has been filed in another district court. *Id.*, 946 F.2d at 623. A court must examine three factors: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues. *Alltrade*, 946 F.2d at 625-26; *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982). Each of these factors weighs in favor of applying the first-to-file rule in this case and support the Court's conclusion that this case should be transferred to the Central District.

Case 4:14-cv-05682-JSW   Document 72   Filed 02/19/15   Page 10 of 10